OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and judgment granted declaring the commissioner’s regulation 10 NYCRR 40.10 (f) valid.
*733 Although section 608 of the Public Health Law speaks to rates of reimbursement, its only provision for reimbursement of general public health expenditures to a county which has a county or part-county department of health is for part of the expenditures by that department (subd 1, par [c]). By contrast, in paragraphs (d) through (i) it provides for reimbursement of health programs conducted by agencies named in those subdivisions or authorizes a county health department to designate an agency outside the department to carry out a specific program (e.g., lead poisoning control) and expressly authorizes partial reimbursement of expenditures of such extra-department agencies. The necessary implication is that expenditures through an agency outside the county department, such as the Erie County medical examiner’s office, not expressly authorized in section 608, are not reimbursable.
There is no interference with municipal home rule in the Legislature’s so providing, for the county is only required to subject its medical examiner’s office to the jurisdiction of its department of health if it wishes to obtain partial reimbursement of the expenditures of that office. Nor can it be said that the legislative policy thus established does not serve a legitimate governmental interest. As the Governor noted in his memorandum of approval of the predecessor provision of section 608, “It is designed to encourage the development of local health departments and the improvement of health services generally” (NY Legis Ann, 1946, p 188). In light of that purpose and the express language of section 608, the regulation in question is clearly within the State commissioner’s authority (cf. Public Health Law, § 605).
Nor does the fact that the medical examiner’s office relies upon laboratory services in its work make the laboratory functions of the office reimbursable under section 620 of the Public Health Law. Subdivision 1 of that section provides for partial reimbursement of expenditures for “laboratory services” where a laboratory is established pursuant to article 5 of the Public Health Law. The medical examiner’s office has not been shown to be so established. Nor is the office brought within section 620, as the county suggests, by the statement of purpose in section *734 570, or by the definition of “clinical laboratory” in subdivision 1 of section 571 of the Public Health Law as the Appellate Division suggests, although the medical examiner performs some of the same functions. Sections 570 and 571 are part of title V of article 5 of the Public Health Law. Section 580, also part of title V, expressly provides, in subdivision 2, that “This title shall be construed as regulating only activities which constitute patient services or services provided to health officers or their agents for sanitary purposes” (emphasis supplied). The activities of the medical examiner’s office have not been shown to fall exclusively within either such category.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order reversed, with costs, and judgment granted declaring the commissioner’s regulation 10 NYCRR 40.10 (f) valid in a memorandum.